IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON

FREDDIE GRIMES,
                                                    Civil No. 06-619-AS
        Plaintiff,
                                                           ORDER
    v.

OREGON DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.

ASHMANSKAS, Magistrate Judge.

   Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action *pro se*. Currently before the court is Plaintiff's Motion for Subpoena *Duces Tecum* (#23). For the reasons set forth below, Plaintiff must show cause in writing why his request should not be denied.

///

///

1 - ORDER -

## BACKGROUND

Plaintiff was previously granted leave to proceed *in forma pauperis* in this action. Plaintiff now requests a subpoena *duces tecum* pursuant to Fed. R. Civ. P. 45.

Plaintiff describes the information he seeks by subpoena as follows:

> [T]he production of finaces for the years starting in 2002 to 2006.  The production from T.R.C.I. of its finaces such as finaces books, papers, notes, documents or finac items in the trust accountings unit too show were the money, notes, property has gone too, from 2002 to 2006.

## DISCUSSION

Section 1915 of Title 28 of the United States Code provides, in pertinent part:

> "(a) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor . . . .
>
> "(d) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases."

Subpoenas constitute "process" for the purpose of 28 U.S.C. § 1915(d), and thus § 1915(d) requires the U.S. Marshal to serve subpoenas for indigent plaintiffs. <u>Tedder v. Odel</u>, 890 F.2d 210

2 - ORDER -

(9th Cir. 1989); see also Johnson v. Hubbard, 698 F.2d 286 (6th Cir.), cert. denied, 464 U.S. 917 (1983); United States Marshals Service v. Means, 741 F.2d 1053, 1055 (8th Cir. 1984) (government conceded that the Marshal's Service is required to serve subpoenas); McNeil v. Lowney, 831 F.2d 1368 (7th Cir. 1987), cert. denied, 485 U.S. 965 (1988); Boring v. Kozakiewicz, 833 F.2d 468 (3rd Cir. 1987), cert. denied, 485 U.S. 991 (1988).  Where a witness and mileage fee is required, however, an indigent plaintiff seeking service of a subpoena by the U.S. Marshal must tender the witness and mileage fee with the subpoena before service will be ordered.  Tedder, 890 F.2d at 211.

Rule 45 of the Federal Rules of Civil Procedure provides for subpoenas which "command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things," and it specifically states that a person commanded to produce documents and things "need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial."  (Emphasis added.)  Thus, Rule 45 "authorizes the issuance of a subpoena to compel a non-party to produce evidence independent of any deposition."  Notes of the Advisory Committee on the 1991 Amendment of Rule 45.  Because a subpoena *duces tecum* does not command the attendance of the subpoenaed person, Rule

3 - ORDER -

45(b)(1) does not require a tender of attendance or mileage fee in order to effect good service of such a subpoena:

> "A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, <u>if the person's attendance is commanded</u>, by tendering to that person the fees for one day's attendance and the mileage allowed by law."  Fed. R. Civ. P. 45(b)(1) (emphasis added.)

Accordingly, an indigent plaintiff need not tender any witness or mileage fee with a subpoena *duces tecum* in order to trigger the U.S. Marshal's duty to serve the subpoena *duces tecum*.

The analysis, however, does not end here. The courts have an inherent power to monitor and control an indigent party's employment of the privileges granted him under § 1915 to the end of preventing abuse of the court's process and harassment of parties and non-parties. <u>See, e.g.</u>, <u>Estep v. United States</u>, 251 F.2d 579 (5th Cir. 1958). This power authorizes the court to review an indigent party's subpoenas *duces tecum* before service and to order the Marshals Service to reject service requests in certain circumstances. <u>Id.</u>; <u>see also</u> <u>Manning v. Lockhart</u>, 623 F.2d 536, 539 (8th Cir. 1980); <u>Lloyd v. McKendree</u>, 749 F.2d 705, 707 (11th Cir. 1985); <u>Coleman v. St. Vincent de Paul</u>, 144 F.R.D. 92 (E.D. Wis. 1992) ("An IFP litigant should only be entitled to subpoena witnesses for trial at government expense after a preliminary and complete showing of the materiality and necessity

4 - ORDER -

of each witness .... Thus, under 28 U.S.C. § 1915(c) the court retains discretion to determine the number of witnesses that an IFP litigant is entitled to have subpoenaed at government expense.").

In his proposed subpoenas *duces tecum*, Plaintiff seeks financial records pertaining to the correctional institutions in which he has been housed. Plaintiff makes no showing, however, that he could not obtain these documents through the discovery process, in a request for production of documents directed to the defendants in this action pursuant to Fed. R. Civ. P. 34. Before this court will issue the subpoena and direct the Marshal's Service to serve such a request, Plaintiff must show that (1) he requested this information through the discovery process in a request for production directed to the defendants, (2) the defendants have failed or refused to comply with his request, and (3) Plaintiff pursued a motion to compel production pursuant to Fed. R. Civ. P. 37.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff must show cause in writing, within 30 days of the date of this order, why his request for issuance and service of a subpoenas duces

///

///

5 - ORDER -

///

6 - ORDER -

tecum should not be denied.  Plaintiff is advised that failure to show cause shall result in the denial of his request.

IT IS SO ORDERED.

DATED this  26th  day of October, 2006.

                                   /s/ Donald C. Ashmanskas
                                   Donald C. Ashmanskas
                                   United States Magistrate Judge

7 - ORDER -