IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FREDDIE J. GRIMES,

        Plaintiff,

   v.

O.D.O.C. AGENCY; GUY HALL,
Superintendent Custodian; TRUST
ACCOUNTING UNIT WAGNER; JOE
CAPPS, Hearings Officer Adjudicator;
and COUNSELOR CAPPELLO STEVEN,

     Defendants.

Civil No. 06-619-AS

FINDINGS AND RECOMMENDATION


     FREDDIE J. GRIMES
     SID #8371094
     Snake River Correctional Institution
     777 Stanton Blvd.
     Ontario, OR  97914

        Plaintiff *Pro Se*

     HARDY MYERS
     Attorney General
     JACQUELINE SADKER
     Assistant Attorney General
     Department of Justice
     1162 Court Street N.E.
     Salem, OR  97301

       Attorneys for Defendants

1 - FINDINGS AND RECOMMENDATION -

ASHMANSKAS, Magistrate Judge.

Plaintiff, an inmate currently housed at the Snake River Correctional Institution ("SRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the court is Defendants' Motion for Summary Judgment (#59). For the reasons that follow, Defendants' Motion should be GRANTED and this action should be DISMISSED.

## BACKGROUND

Plaintiff is currently incarcerated at SRCI, and was previously incarcerated at Twin Rivers Correctional Institution ("TRCI"). Over the course of his confinement, Plaintiff has been sanctioned for committing twenty prison rule violations.

In each instance, Plaintiff received written notice of the offense, and was provided an opportunity to respond to the charges in formal disciplinary proceedings. The resulting disciplinary decisions were in writing, and copies were provided to Plaintiff. For each violation, plaintiff was fined in accordance with Oregon Administrative Rules. The fines total $1,108.62.

## LEGAL STANDARDS

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. <u>Leisek</u>

v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial.  Id.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Villiarmo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  Id.

The substantive law governing a claim or a defense determines whether a fact is material.  Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001).

## DISCUSSION

Plaintiff challenges the authority of the Oregon Department of Corrections ("ODOC") to impose disciplinary fines and assess the fines against his prison trust account, when Plaintiff never agreed to the imposition or payment of such fines.  Plaintiff argues that the fines violate the Takings Clause, the Due Process Clause and the Excessive Fines Clause.  Plaintiff also alleges violations of the Oregon Constitution.

3 - FINDINGS AND RECOMMENDATION -

Defendants move for summary judgment on all claims, arguing the Eleventh Amendment bars suit against state agencies in federal court and that the individual Defendants are entitled to qualified immunity because they did not violate Plaintiff's clearly established constitutional rights.

## I.   Eleventh Amendment Sovereign Immunity

Plaintiff names as one of the Defendants herein the "O.D.O.C. Agency."  It is well established that absent waiver, the Eleventh Amendment bars a suit in federal court against either a state or an agency acting under its control.  Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); see also Will v. Michigan Dep't. of State Police, 491 U.S. 58, 63-64, 71 (1989) (state is not a person within the meaning of § 1983).  Accordingly, Plaintiff's claims against the state agency should be dismissed.

## II.  Qualified Immunity

The defense of "qualified immunity" protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  This rule "'provides ample protection to all but the plainly incompetent or

those who knowingly violate the law.'"  <u>Burns v. Reed</u>, 500 U.S. 478, 494-95 (1991) (quoting <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986)).

The required first step in a qualified immunity analysis "is to consider the materials submitted in support of, and in opposition to, summary judgment, in order to decide whether a constitutional right would be violated if all facts are viewed in favor of the party opposing summary judgment." <u>Jeffers v. Gomez</u>, 267 F.3d 895, 909 (9th Cir. 2001) (citing <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001)).  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." <u>Saucier</u>, 533 U.S. at 201.

The ODOC Director is authorized to adopt rules for the government and administration of the department, including rules regrading punishment of prisoners for rules violations. <u>See</u> Or. Rev. Stat. §§ 421.125(2)(e), 423.075(5)(d), 421.105(1), 423.020. The Oregon Administrative Rules, adopted pursuant to Oregon law, specify that a prison Disciplinary Committee or a Hearings Officer may impose a fine not to exceed $200 on an inmate once that inmate is found to have violated a prison regulation. <u>See</u> Or. Admin. R. 291-105-051-(13).  The Oregon Supreme Court found that the Oregon statutory framework permits the imposition of such fines as disciplinary sanctions.  <u>See</u> <u>Barrett v. Department of Corrections</u>,

203 Or. App. 196, 125 P.3d 98 (2005), <u>rev. den.</u>, 341 Or. 197, 140
P.3d 580 (2006); <u>Clark v. Shumacher</u>, 103 Or. App. 1, 795 P.2d 1093
(1990).

### A.   Takings Clause

Plaintiff refers to the Fifth Amendment Takings Clause in
arguing against the disciplinary fines.  The Takings Clause
applies to situations where the government appropriates private
property for public use pursuant to its regulatory powers.
<u>Hamilton v. Kentucky Distilleries & Warehouse Co.</u>, 251 U.S. 146,
157 (1919).  It does not apply when the government imposes
penalties or forfeitures in an exercise of its police power.  <u>Id</u>.
Accordingly, Plaintiff cannot prevail upon his argument that the
imposition of disciplinary fines violated his rights under the
Takings Clause.

### B.   Excessive Fines

The Eighth Amendment provides that "[e]xcessive bail shall
not be required, nor excessive fines imposed, nor cruel and
unusual punishment inflicted."  The proscription applies to the
states through the Due Process Clause of the Fourteenth Amendment.
<u>Robinson v. California</u>, 370 U.S. 660 (1962).  A fine violates the
Eighth Amendment if it would be "grossly disproportional to the
gravity of the offense."  <u>United States v. Bajakajian</u>, 524 U.S.
321, 324 (1998).

As noted, Oregon Administrative Rules establish the sanctions available for various prison rules violations.  The maximum fine that may be imposed, regardless of the severity or type of violation, is $200.  See Or. Admin. R. 291-105-0066, Exh. 1.  Upon review of the disciplinary orders provided by Defendants in support of their Motion for Summary Judgment, the court finds the fines imposed against Plaintiff were not grossly disproportionate to the gravity of the offenses.  Accordingly, Plaintiff fails to establish Defendants violated his constitutional rights under the Eighth Amendment Excessive Fines Clause.

### C.   **Due Process**

Plaintiff contends prison officials violated his due process rights by fining him because he has a property interest in his funds.  The funds in a prisoner's trust account are a protected liberty interest.  See Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1984).  As such, prison authorities must observe due process before they can forfeit funds in an inmate's account.  Id.

Here, Plaintiff does not allege that the disciplinary actions which resulted in fines did not comport with the procedural due process requirements including written notice, the opportunity for a hearing, and a written decision by the fact-finder.  See Wolff v. McDonnel, 418 U.S. 539, 564-66 (1974) (listing due process requirements for prison discipline.  Nor does Plaintiff allege or present evidence that the disciplinary decisions were "clearly

7 - FINDINGS AND RECOMMENDATION -

arbitrary and unreasonable," so to establish a substantive due process violation.  See Patel v. Penman, 103 F.3d 868, 874 (1996), cert. denied, 520 U.S. 1240 (1997).  Accordingly, Plaintiff cannot prevail upon his claim that Defendants violated his due process rights in imposing the disciplinary fines.

    **D.**   **State Constitution Claims**

Finally, to the extent Plaintiff bases his complaint upon alleged violations of the Oregon Constitution, such claims are insufficient to support a claim for relief under 42 U.S.C. § 1983. See Ketchum v. County of Alameda, 811 F.2d 1243, 1247 (9th Cir. 1987) (necessary element of § 1983 action is that defendant's conduct must deprive plaintiff of rights secured by the "Constitution and law of the United States").

**RECOMMENDATION**

For these reasons, Defendants' Motion for Summary Judgment (#59) should be GRANTED, and judgment of dismissal should be entered.

**SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due February 12, 2007.  If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections.  If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this _____ day of January, 2007.


_____
                    Donald C. Ashmanskas
                    United States Magistrate Judge